UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GILMORE PRODUCE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BELLA FRESH HOUSTON, LLC, a Domestic Limited Liability Company; ANDREW RUGGIERO, an Individual; and, PRESTON FLETCHER, an Individual, <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> C.A. No.: 4:19-cv-2776 |

## **ORIGINAL COMPLAINT**

Plaintiff GILMORE PRODUCE, LTD. for its Original Complaint against Defendants BELLA FRESH HOUSTON, LLC, ANDREW RUGGIERO, and PRESTON FLETCHER, alleges and states as follows:

THE PARTIES

1. Plaintiff is a Texas limited partnership with its principal place of business in Dallas, Texas.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in interstate commerce and operates its business under a valid United States Department of Agriculture issued PACA License, which is identified as License No. 20030699.

3. At all times relevant herein, Plaintiff was subject to and licensed under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a *et seq*.

4. Defendants are:

      a.      Bella Fresh Houston, LLC ("Bella Fresh") is a Texas limited liability company with its principal place of business located at 6920 Brasada Drive, Suite 400, Houston, Texas 77085.

      b.      Andrew Ruggiero ("Ruggiero"), an Individual.  Upon information and belief, Andrew Ruggiero is or was an officer, director, member, or shareholder of Bella Fresh and in a position or was in a position to control the assets of Bella Fresh.  Upon information and belief, Andrew Ruggiero is a resident of Scottsdale, Arizona.

      c.      Preston Fletcher ("Fletcher"), an Individual.  Upon information and belief, Preston Fletcher is or was an officer, director, member, or shareholder of Bella Fresh and in a position or was in a position to control the assets of Bella Fresh.  Upon information and belief, Preston Fletcher is a resident of Houston, Texas.

5.      At all times relevant hereto, Defendants were engaged in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are "dealers" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (the "PACA").  Bella Fresh operates its business under a valid United States Department of Agriculture issued PACA License, which is identified as License No. 20121515.

## JURISDICTION AND VENUE

6.      The District Court has jurisdiction over this civil action arising under § 5(c)(5) of the PACA, 7 U.S.C. § 499e(b)(2), pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).  The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

7. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS

8. Between January 26, 2018 and September 3, 2018, Plaintiff sold and delivered to Defendants wholesale quantities of produce, in the current aggregate amount of $1,387,551.60, as set forth in Exhibit A, Gilmore's Statement of Account.

9. Defendants accepted each load of Produce which corresponds to the invoice numbers as listed in Exhibit A.

10. Plaintiff issued to Defendants, and Defendants received, each of the invoices listed in Exhibit A.

11. Plaintiff is an unpaid supplier or seller of Produce having sold Produce to Defendants for which it remains unpaid.

12. Defendants failed to pay or otherwise deliver good funds to the Plaintiff despite repeated demands from Plaintiff.

13. At all relevant times hereto, Bella Fresh acted by and through its principals, Andrew Ruggiero and Preston Fletcher.

## COUNT I
## ENFORCEMENT OF THE PACA TRUST
## ALL DEFENDANTS

14. Plaintiff re-alleges paragraphs 1 through 13 as though fully set forth herein.

15. Defendants are in possession, custody and control of all assets derived from the Defendants' sale of: (i) the Produce; (ii) food or products derived from the Produce; (iii) accounts receivable; (iv) proceeds from the sale of the Produce; (v) cash; (vi) any other assets

commingled with proceeds of the Produce; and (vii) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in Bella Fresh's name (the "PACA Trust Assets") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

16. Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in Exhibit A.

17. Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as Plaintiff's unpaid claims asserted in this action.

18. The matters and actions alleged in this Count I constitute a violation by Defendants of Section 2 of the PACA.

19. As a direct result of Defendants' failure to properly protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the current aggregate amount totaling of $1,387,551.60, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

20. On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

COUNT II
PACA VIOLATION: FAILURE TO PAY PROMPTLY
ALL DEFENDANTS

21. Plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendants received each of the shipments of Produce referenced in Exhibit A.

23. Defendants failed to pay the invoices identified in Exhibit A within the applicable payment terms that were in effect between the parties at the time of each transaction.

24. The matters and actions alleged in this Count II constitute a violation by Defendants of Section 2 of the PACA.

25. As a direct result of Defendants' failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount totaling $1,387,551.60, plus pre-judgment interest, costs, and attorney's fees.

## COUNT III
## PACA VIOLATION: FAILURE TO MAINTAIN TRUST
## ALL DEFENDANTS

26. Plaintiff re-alleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff and Defendants entered into a series of transactions involving Plaintiff's sale and Bella Fresh's purchase of Produce between January 26, 2018 and September 3, 2018 (the "Sales Period"), each of which are identified in the attached Exhibit A.

28. During the Sales Period, Bella Fresh lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in Exhibit A.

29. During the Sales Period, Bella Fresh's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiff.

30. The matters and actions or inactions alleged in this Count III constitute violations by Defendants of Section 2 of the PACA.

31. As a direct result of Defendants' aforementioned actions and inactions, Plaintiff has incurred damages in the amount totaling $1387,551.60, plus pre-judgment interest, costs, and attorney's fees.

## COUNT IV
## BREACH OF CONTRACT
## BELLA FRESH

32. Plaintiff re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff and Defendant Bella Fresh entered into the various contracts referenced in Exhibit A.

34. In each contract, Plaintiff agreed to sell Produce to the Bella Fresh and Bella Fresh agreed, *inter alia,* to purchase Produce from the Plaintiff.

35. Plaintiff delivered conforming goods to Bella Fresh and has otherwise satisfied all conditions of said contracts.

36. Bella Fresh failed to pay for each shipment of Produce referenced in Exhibit A.

37. As a direct result of the Bella Fresh's failure to pay for each shipment of Produce identified in Exhibit A, Plaintiff has incurred damages in the current aggregate amount totaling $1,387,551.60, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## COUNT V
## BREACH OF FIDUCIARY DUTY
## ANDREW RUGGIERO

38. Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. At all times relevant to this action, Andrew Ruggiero was an officer, director, member, owner or shareholder of Bella Fresh, and the individual in charge of its business undertakings.

40. On information and belief, at all times relevant to this action, Andrew Ruggiero was engaged in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

41. At all times relevant to this action, Andrew Ruggiero controlled and managed Bella Fresh's operations and had control over Bella Fresh's financial dealings, including those involving the PACA Trust Assets.

42. At all times relevant to this action, Andrew Ruggiero was in a position to control and manage Bella Fresh's operations and had the ability to control Bella Fresh's financial dealings, including those involving the PACA Trust Assets.

43. At all times relevant to this action, Andrew Ruggiero had the authority to direct the payment of Bella Fresh's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

44. At all times relevant to this action, Andrew Ruggiero was in a position to influence Bella Fresh's application of its operating funds and otherwise had the power to influence the application or disposition of the PACA Trust Assets.

45. Upon information and belief, at all times relevant to this action, Andrew Ruggiero was authorized signatory on Bella Fresh's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

46. As an officer, director, member, owner or shareholder of Bella Fresh, Andrew Ruggiero was a statutory trustee with a duty to safeguard the PACA Trust Assets and was required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to Plaintiff herein.

47. As an officer, director, member, owner or shareholder of Bella Fresh, Andrew Ruggiero was a statutory trustee with a duty to ensure that Bella Fresh performed all duties, express or implied, arising out of Bella Fresh's undertakings in connection with Bella Fresh's

Produce transactions, which included, *inter alia,* ensuring that there were, at all times, sufficient trust assets available to satisfy all of Bella Fresh's obligations to its unpaid Produce suppliers.

48. As an officer, director, member, owner or shareholder of Bella Fresh, Andrew Ruggiero knew or should have known of Bella Fresh's failure to pay each of Plaintiff's unpaid invoices identified in Exhibit A as they fell due.

49. As an officer, director, member, owner or shareholder of Bella Fresh, Andrew Ruggiero possessed the power necessary to counteract or obviate the decisions of Bella Fresh not to pay Plaintiff and other similarly situated PACA trust beneficiaries or to otherwise dissipate the PACA Trust Assets.

50. Because Andrew Ruggiero controlled and/or was in a position to control Bella Fresh, and the Plaintiff's invoices have not been paid from PACA Trust Assets as its bills fell due, Andrew Ruggiero has breached his fiduciary duty under the PACA trust.

51. Because Andrew Ruggiero was either in control or was in a position to control Bella Fresh, and Andrew Ruggiero failed to ensure that there were, at all times, sufficient trust assets available to satisfy all of Bella Fresh's obligations to Plaintiff as unpaid Produce suppliers, Andrew Ruggiero has breached his fiduciary duty under the PACA trust.

52. Because Andrew Ruggiero was either in control or was in a position to control Bella Fresh, and Andrew Ruggiero failed to counteract or obviate the decisions of Bella Fresh not to pay Plaintiff or other similarly situated trust beneficiaries from Bella Fresh's PACA Trust Assets, Andrew Ruggiero has breached his fiduciary duty under the PACA trust.

53. Andrew Ruggiero continues to hold any and all PACA Trust Assets having come into his possession as trustee for Plaintiff's beneficial interest in the PACA trust.

54. Andrew Ruggiero is personally liable to Plaintiff, which liability is joint and several with Bella Fresh and any third parties having received any PACA Trust Assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the amount totaling $1,387,551.60, plus pre-judgment interest, costs, and attorney's fees, to be satisfied from Andrew Ruggiero's personal assets.

## COUNT VI
## BREACH OF FIDUCIARY DUTY
## PRESTON FLETCHER

55. Plaintiff re-alleges paragraphs 1 through 54 as though fully set forth herein.

56. At all times relevant to this action, Preston Fletcher was an officer, director, member, owner or shareholder of Bella Fresh, and the individual in charge of its business undertakings.

57. On information and belief, at all times relevant to this action, Preston Fletcher was engaged in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

58. At all times relevant to this action, Preston Fletcher controlled and managed Bella Fresh's operations and had control over Bella Fresh's financial dealings, including those involving the PACA Trust Assets.

59. At all times relevant to this action, Preston Fletcher was in a position to control and manage Bella Fresh's operations and had the ability to control Bella Fresh's financial dealings, including those involving the PACA Trust Assets.

60. At all times relevant to this action, Preston Fletcher had the authority to direct the payment of Bella Fresh's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

61. At all times relevant to this action, Preston Fletcher was in a position to influence Bella Fresh's application of its operating funds and otherwise had the power to influence the application or disposition of the PACA Trust Assets.

62. Upon information and belief, at all times relevant to this action, Preston Fletcher was authorized signatory on Bella Fresh's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

63. As an officer, director, member, owner or shareholder of Bella Fresh, Preston Fletcher was a statutory trustee with a duty to safeguard the PACA Trust Assets and was required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to Plaintiff herein.

64. As an officer, director, member, owner or shareholder of Bella Fresh, Preston Fletcher was a statutory trustee with a duty to ensure that Bella Fresh performed all duties, express or implied, arising out of Bella Fresh's undertakings in connection with Bella Fresh's Produce transactions, which included, *inter alia,* ensuring that there were, at all times, sufficient trust assets available to satisfy all of Bella Fresh's obligations to its unpaid Produce suppliers.

65. As an officer, director, member, owner or shareholder of Bella Fresh, Preston Fletcher knew or should have known of Bella Fresh's failure to pay each of Plaintiff's unpaid invoices identified in Exhibit A as they fell due.

66. As an officer, director, member, owner or shareholder of Bella Fresh, Preston Fletcher possessed the power necessary to counteract or obviate the decisions of Bella Fresh not to pay Plaintiff and other similarly situated PACA trust beneficiaries or to otherwise dissipate the PACA Trust Assets.

67. Because Preston Fletcher controlled and/or was in a position to control Bella Fresh, and the Plaintiff's invoices have not been paid from PACA Trust Assets as its bills fell due, Preston Fletcher has breached his fiduciary duty under the PACA trust.

68. Because Preston Fletcher was either in control or was in a position to control Bella Fresh, and Preston Fletcher failed to ensure that there were, at all times, sufficient trust assets available to satisfy all of Bella Fresh's obligations to Plaintiff as unpaid Produce suppliers, Preston Fletcher has breached his fiduciary duty under the PACA trust.

69. Because Preston Fletcher was either in control or was in a position to control Bella Fresh, and Preston Fletcher failed to counteract or obviate the decisions of Bella Fresh not to pay Plaintiff or other similarly situated trust beneficiaries from Bella Fresh's PACA Trust Assets, Preston Fletcher has breached his fiduciary duty under the PACA trust.

70. Preston Fletcher continues to hold any and all PACA Trust Assets having come into his possession as trustee for Plaintiff's beneficial interest in the PACA trust.

71. Preston Fletcher is personally liable to Plaintiff, which liability is joint and several with Bella Fresh and any third parties having received any PACA Trust Assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the amount totaling $1,387,551.60, plus pre-judgment interest, costs, and attorney's fees, to be satisfied from Preston Fletcher's personal assets.

## COUNT VII
### BREACH OF FIDUCIARY DUTY
### INTEREST AND ATTORNEY'S FEES

72. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 71 above, as if fully set forth herein.

73. As a result of Defendants' failure to make full payment promptly for the Produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

74. As a result of Defendants' continued failure to make payment for the Produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

## GILMORE IS ENTITLED TO AWARD OF CONTRACTUAL ATTORNEY'S FEES

Gilmore may recover its attorney's under Tex. Civ. Prac. & Rem. Code §38.001. On December 10, 2018 and on February 8, 2019, Gilmore made demand upon Defendants for payment of the amounts owed and due to Gilmore. This communication with the Defendants satisfies the statutory requirement under §38.002 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Plaintiff respectfully seek the entry of an Order providing as follows:

A) As to Count I: (i) entering an Order providing injunctive relief and creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of the Plaintiff's and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff, and; (iii) entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current aggregate amount totaling $1,387,551.60, plus attorney's fees, less any actual recovery on other Counts herein;

B) As to Count II, entering a Final Judgment in favor of Plaintiff's and against the Defendants, jointly and severally, for failing to promptly pay Plaintiff in the amount of $1,387,551.60, plus attorney's fees, less any actual recovery on other Counts herein;

C) As to Count III, entering a Final Judgment in favor of Plaintiff's and against the Defendants, jointly and severally, for failing to maintain the PACA trust in the current aggregate amount of $1,387,551.60, plus attorney's fees, less any actual recovery on other Counts herein;

D) As to Count IV, entering a Final Judgment in favor of Plaintiff's and against the Bella Fresh for breach of contract in the current aggregate amount of $1,387,551.60, plus attorney's fees, less any actual recovery on other Counts herein;

E) As to Count V, VI, and VII entering a Final Judgment in favor of Plaintiff and against Andrew Ruggiero and Preston Fletcher on a joint and several basis with Bella Fresh, for a breach of their respective fiduciary duties to the PACA trust, in the aggregate amount of $1,387,551.60, plus attorney's fees, less any actual recovery on other Counts herein;

F) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

DATED: July 29, 2019.

Respectfully submitted

STOKES LAW OFFICE LLP
/s/ Craig A. Stokes
Craig A. Stokes – SBN 19267700
David L. Jones—SBN 24002370
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
Facsimile (210) 822-2595
cstokes@stokeslawoffice.com

jones@stokeslawoffice.com

Counsel for Plaintiff, Gilmore Produce, Ltd.

14